IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE E. DESOUSA, et al.,

                    Plaintiff,

v.

SMART726, *et al.*,

                    Defendants.

Civil Action No. 24-cv-1653

(Judge Stickman)

**[PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court upon Motion by Plaintiff, Michelle E. De Sousa, et. al., ("Plaintiff") for entry of a default judgment against: the Defendants set forth in Attachment "A" (hereinafter collectively referred to as "Defendants" or individually as "Defendant"),[1] for Defendants' patent infringement arising out of Defendants' operation of electronic storefronts offering and selling importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling offering for sale and/or sale of Infringing Products.

The Court, having considered the Declaration of Brian Samuel Malkin in support of

---

[1]    As alleged in Plaintiff's Complaint, Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling patent infringing versions of Plaintiffs' patented **CLEAVA®** and **SNAPPY CAMI®** brand mock camisoles, which infringe on one or more claims of the Plaintiff' Patent, and some are using Plaintiff's photos, artwork, and marketing materials ("Plaintiff's Works") throughout the United States, using at least one of the Amazon.com, eBay.com, Temu.com, Wish.com, Walmart.com, and Aliexpress.com online marketplaces ("Internet Marketplaces") operating under the seller identities as set forth on **Schedule "A"** hereto (the "Seller IDs")("Infringing Product"') Through User Accounts (as defined *infra*), Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products (as defined *infra*), which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)", as defined *infra*).

Plaintiffs' Motion for Default Judgment and a Permanent Injunction ("Motion for Default Judgment"), the Certificate of Service of the Summons and Complaint, Entry of Default of the Clerk of Courts, and upon all other pleadings and papers on file in this Action, it is hereby ORDERED as follows (hereinafter, "Default Judgment Order"):

## I.    Defendants' Liability

Judgment is granted in favor of Plaintiff on all claims in all counts asserted against Defendants in the Complaint.[2]

## II.    Damage Awards[3]

IT IS FURTHER ORDERED that, because it would serve both the compensatory and punitive purposes of the Patent Act prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the disgorgement of profits for damages awards requested in its Motion for Default Judgment, the Court finds that such awards are reasonable and Plaintiff is awarded the entry of a final judgment of $3,000,000.00 representing a disgorgement of admitted profits(trebled), against each individual Defendant, severally and distinctly as to each such Defendant as listed on Schedule A for their intentional patent infringement.

## III.    Permanent Injunction

A.  IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or

---

[2] Defendants in Counts II and III, Defendant Nos. 66, 116, 117, and 118, were allegedly engaged in Federal Unfair Competition and Pennsylvania common law unfair competition, however, none of these Defendants are before the Court in this motion for default judgment, thus patent infringement is the only claim against the Defendants named in the motion for default judgment.

[3] The Defendants currently named in the motion for default judgment are not alleged to have engaged in Federal or state unfair competition.

participation with any Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

(1)    from (a) their unauthorized and unlicensed use of Plaintiffs' Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of U. S. Patent No. 8,152,591 ("Plaintiff's Patent");

(2)    from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[4] Merchant Storefronts[5] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3)    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

---

[4]    As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) AliExpress.com, Amazon.com, eBay.com, Temu.com, Walmart.com and Wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[5]    As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(4)  each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all

persons in active concert or participation with any Defendant having notice of this Order

shall immediately cease offering for sale the Infringing Products within metatags or other

markers within website source code, from use on any web page (including as the title of any

product listing), from any advertising links to other websites, from search engines'

databases or cache memory, and any other form of use such terms or works which is visible

to a computer user or serves to direct computer searches to Internet based e-commerce

stores owned, or operated by each Defendant, including the Merchant Storefronts operating

under the Seller IDs; and

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts

associated with the Seller IDs.

B.  IT IS FURTHER ORDERED that, pursuant to 35 U.S.C. § 283 and 17 U.S.C. § 503(b), the

Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Infringing

Products.

C.  IT IS FURTHER ORDERED that Third Party Service Providers[6] and Financial Institutions[7]

are permanently enjoined and restrained from:

---

[6]  Third Party Service Providers are any third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

[7]  Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, including but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay"), Amazon Payments, Inc., Walmart Pay, PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com, or marketplace platforms, including but not limited to, Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay (collectively "Amazon"), Whaleco Inc., a Delaware Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), eBay, Inc. d/b/a ebay.com, Walmart Inc. and Wal-Mart.com USA, LLC, wish.com, Alibaba.com US LLC d/b/a Alibaba.com and Aliexpress.com, and their related companies and affiliates, and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"); and

(2) providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner Infringing Products;

(3) processing payments for any Infringing Products.

D.  IT IS FURTHER ORDERED that Defendants and/or Third Party Service Providers shall destroy any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's Works.

### IV.  Follow-Up Requests

IT IS FURTHER ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five(5) calendar days of Plaintiff's request:

(1)    Amazon is ordered to remove any seller identified by Plaintiff from the following Amazon Standard Identification Numbers (ASINs):  B0778SYWVP, B0778VH32L, B0778TTQ7J, and B00JKPWFOU.

(2)    Amazon is ordered to suspend any ASIN listing product that Plaintiff asserts unfairly competes with Plaintiff's Product and is identified as "shipping from China" or as originating from China (i.e. any seller is prevented from listing for sale under the identified ASIN); and

(3)    All Third Parties and Financial Institutions are ordered to suspend any listing that was associated with a product already identified by prior Order of this Court in the present lawsuit to be Counterfeit or Infringing as designated Schedule A (i.e. any seller is prevented from listing for sale under the identified product listing the associated product);

(4)    The Plaintiff has proven that each of the listings offered by the defendants are Infringing Products, consequently, all online marketplaces, including but not limited to, aliexpress.com, Amazon.com, eBay.com, Temu.com, Walmart.com, and wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar, to the these Infringing Products, whether sold by the Defendant or other persons or entities;

(5)    however, the Seller controlling such listings shall not be subject to financial account restraint.

### V.   Post-Judgment Asset Transfer and Asset Freeze Order

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil

Procedure, and this Court's inherent equitable powers to issue remedies ancillary to its

authority to provide final relief, and given the difficulties Plaintiffs would have enforcing

this Order, Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts

that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiffs as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiffs by Financial Institution(s) through Plaintiffs' counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiffs' counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiffs as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiffs, by the Financial Institution(s), through Plaintiffs' counsel forthwith.

B.  IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining

order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiffs have recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

C.  IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order:

1.  until Plaintiffs have recovered the full payment of the Defaulting Defendants' individual damages award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiffs discover new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts");[8]

2.  upon notice of this Order, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting

---

[8]    This Order contemplates that investigation and/or discovery during judgment collection may reveal that Defaulting Defendants may have used other user accounts, operated by other Third-Party Service Providers and Financial Institutions other than those named and that any additional discovered Third-Party Service Providers and Financial Institutions, once identified and provided with notice, shall be subject to the restraints, asset seizure and turn over in this Order.

Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

3. no later than after twenty (20) business days following the service of this Order on Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiffs as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiffs' counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiffs a breakdown reflecting:  the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiffs.

4. In order to assist the Plaintiff in its efforts to collect the funds and further identify

5. garnishees, (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after

those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court; (in order to confirm compliance with this Order, the Plaintiffs are permitted leave to serve a subpoena on such Third Party Service Provider(s) and Financial Institution(s) seeking the following information:  (a) Bank account and routing numbers registered and used with regard to each seller account; (b) Financial records and other documents identifying the use of third-party payment service providers such as Payoneer and Wise; (c) Dates when funds were last sent from the seller to their seller account and the respective amount transferred; (d) Dates when funds were last sent from the seller account to the seller and the respective amount transferred; (e) amount and location of the seller's assets that are in Amazon's control; (f) copies of any documents evidencing any insurance policies owned by the Defendants; and (g) all documents identifying the Defendants.

## VI.   Miscellaneous Relief

A.   Upon Plaintiffs' request, the Third-Party Service Provider(s) or Financial Institution(s) shall disable and/or cease facilitating access to the Seller IDs, including deleting, and/or suspending identified listings, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

B.   The Plaintiffs may serve this injunction on any e-mail service provider, including, Google LLC and Microsoft, Inc., with a request that the service provider permanently suspend the e-mail addresses which are used by the Defaulting Defendants in connection with the

Defaulting Defendants' promotion, offering for sale, and/or sale of Counterfeit Products;

C.  Upon the Plaintiffs' request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products, including but not limited to Amazon.com, Inc. and its affiliates, eBay Inc., Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, Temu.com, Walmart.com, shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff; and shall notify all known and identified purchasers on the Internet marketplace that they purchased an infringing product;

D.  Any failure by a Defaulting Defendant to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting the Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

E.  Interest from the date of this action was filed shall accrue at the legal rate pursuant to 28 U.S.C § 1961;

F.  The bond posted by Plaintiffs is to remain in place;

G.  Plaintiffs shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and

H.  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

**SO ORDERED.**

SIGNED this _____ day of _____, 2025
Pittsburgh, Pennsylvania

_____
William S. Stickman
United States District Judge

cc: Stanley D. Ference III, Esq.
    courts@ferencelaw.com
    Brian Samuel Malkin, Esq.
    bmalkin@ferencelaw.com

## Schedule "A"
## Defendants with Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
| --- | --- | --- |
| 4 | 77SuperSevens77 | 364674748430 |
| 5 | 9happy9 | 235783315094 |
| 7 | Accessary | 156467912458 |
| 8 | alodi8867 | 387375012173 |
| 9 | aoyi | 305841757126 |
| 10 | aqc0888888 | 395622959899 |
| 11 | Atomic Punk Inc. | 286177158913 |
| 12 | autumn188 | 296360471177 |
| 14 | baize_yy | 235806910718 |
| 15 | Bargain Warehouse | 162461261532 |
| 16 | beautymallus | 146048631855 |
| 17 | bebetty-88 | 275967601885 |
| 18 | behindthepretty | 225880492749 |
| 19 | binge955 | 315927206420 |
| 20 | BJG Deals | 382085522570 |
| 21 | bodui290 | 176538719233 |
| 24 | cellrite727 | 276567277264 |
| 26 | chuqin-62 | 356275991516 |
| 27 | CleopatraGoods | 355733912038 |
| 28 | copaseticalcat | 405241126160 |
| 29 | creativityparkcentral | 154636662021 |
| 30 | Daily necessities store | 364880975352 |
| 31 | darjea894195 | 365095542234 |
| 33 | elanza771 | 116152657635 |
| 36 | Esukceso | 315062378297 |
| 38 | fcedfdvs | 375461624401 |
| 39 | FODIMON JEWELRY | 405185786814 |
| 42 | gaslooten | 146190764147 |
| 43 | Gifts Store-5 | 123997548742 |
| 44 | girl_dressup | 176429445141 |
| 45 | Global Home Products | 386823771436 |
| 46 | gooddealstar123 | 126515630936 |
| 47 | goole002 | 387609095052 |
| 49 | hdfiuwau | 335385624331 |
| 50 | hello-motorcycle | 395089067126 |
| 51 | hengshuifubaishan_0 | 356084559873 |
| 52 | hsbabyhomes | 315693110735 |
| 53 | htza68 | 386873447328 |
| 54 | huiwa-36 | 404962204572 |

| 55 | Huoweiya | 315425303392 |
| 56 | indianrealsp84 | 315972769746 |
| 57 | jiaoqingshangmao | 126760503182 |
| 58 | jiguikeji | 335530198389 |
| 60 | jizhi1048 | 375671015391 |
| 61 | kacaryda | 186215988440 |
| 62 | krist3497 | 315977471549 |
| 63 | Lo Pryce Club | 314438855417 |
| 64 | LUBTFS | 305639141955 |
| 65 | Mik 2024 E-COMMERCE | 155947260613 |
| 66 | Militarycollectors2019 | 163761448772 |
| 68 | minling123 | 326184293080 |
| 69 | moni_7457 | 126524049260 |
| 70 | most_important_beauty | 186682623105 |
| 72 | nhtw9944 | 315952915383 |
| 73 | nsstars | 226408866402 |
| 74 | oukaide-0 | 226403703123 |
| 75 | Outdoor-Hub | 375762352609 |
| 77 | Pousch Outlet | 134841282192 |
| 80 | qfi_36 | 305317881434 |
| 81 | retroyears | 185013152866 |
| 82 | shanghailaife_0 | 285935849124 |
| 84 | shengy634 | 386982659329 |
| 85 | sherry_47 | 364822847296 |
| 86 | SHUNYASHOP | 135264395380 |
| 87 | sixtyshadesofgrey | 226071887637 |
| 88 | s'tar stort | 315678357259 |
| 89 | su3516271 | 176657512958 |
| 90 | TakshOnline | 266419327705 |
| 91 | Tasitble | 387359181472 |
| 93 | thelij83 | 405204294982 |
| 94 | thivi.online | 364793694641 |
| 96 | toyds888 | 375786533196 |
| 97 | tunsha1525 | 226326076830 |
| 98 | uhqo9816 | 286023879044 |
| 99 | WE444 | 226432768762 |
| 104 | xiaoyao02 | 387353654572 |
| 106 | xymfashionstore | 305837683938 |
| 107 | yuyuan-888 | 387499927309 |
| 109 | yyds-2023 | 126615961214 |
| 110 | yyds888 | 126657982420 |
| 112 | zhaobenyi | 315391891428 |
| 113 | zhonglimao-0 | 235780923935 |
| 114 | zhongyang497 | 365170000055 |
| 115 | ButtBig | A22O9WBS25PWHR |

| 116 | FATTAH | A3OH33OJGT4ZLM |
|---|---|---|
| 117 | hehebaihuoshanghang | AGWUNH3KMEP49 |
| 118 | Trim Store | A3FG8BGQOYQ3U9 |
| 120 | CHENNUO | 101667120 |
| 124 | Dongguang | 101567330 |
| 125 | dongmentaishang | 102478098 |
| 126 | Exzpassion | 101565319 |
| 127 | foshanshishaalanshangmao | 102492053 |
| 128 | foshanshizezaojiajuyoux | 101672925 |
| 129 | Golden Koi | 102500031 |
| 130 | guangzhoukunkai | 101689019 |
| 132 | Hongc LLC | 101638846 |
| 133 | hongtaibaozhuangfuliao | 102507417 |
| 134 | Hongwangjie Trading | 101578106 |
| 135 | Jianyuanwenhua | 101670145 |
| 136 | jinanlianjingwangluokeji.com | 102490662 |
| 138 | JUNQI | 101583459 |
| 139 | KEWITY | 101633473 |
| 140 | lanhexingchen | 102477142 |
| 141 | Li loong Toys | 102510034 |
| 144 | LzGUNGY | 101661823 |
| 146 | Nanwang Co. , Ltd. | 101521138 |
| 147 | nice maket for you | 102621662 |
| 150 | Saoakiny | 101576158 |
| 151 | ShoppingNow Co.Itd | 101222732 |
| 153 | szbyhth LLCxy | 102576882 |
| 154 | SZD Co.Ltd | 101240063 |
| 155 | Taizai Trading Co. , Ltd. | 102506719 |
| 156 | Vongem Fashion store | 101651506 |
| 157 | VORCOY | 101616915 |
| 162 | xiuxia shop | 101694125 |
| 163 | Yang cnct | 101638538 |
| 166 | Yijieelectronic | 101593777 |
| 168 | YULIJU | 101651955 |
| 170 | Sailing Expedition | 5b05533159206935a1196bb6 |
| 171 | yajingsongy012 | 63ff10e7ca51360b12630a0a |