UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE E. DE SOUSA, *et al*,<br><br>    *Plaintiff*,<br>v.<br><br>SMART726, *et al*,<br><br>    *Defendants*. | Civil Action No. 2:24-cv-1653<br><br>Hon. William S. Stickman IV |

### DEFENDANT' ANSWER AND AFFIRMATIVE DEFENSES

Defendant LUOKU Co. Ltd (Def. No. 143) respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Complaint [Dkt. No.3], and states as follows:

### ANSWER

### NATURE OF THE ACTION

1. Michelle E. DeSousa is a co-inventor and owner and president of the Plaintiff company, BraNovations, Inc., the exclusive licensee of the Plaintiff's patented CLEAVA® and SNAPPY CAMI® brand mock camisoles, together with her husband and co-inventor, Jose De Jesus De Sousa. They are collectively the "Plaintiff" bringing this lawsuit (herein after "Plaintiff"). Plaintiff's patented CLEAVA® and SNAPPY CAMI® brand mock camisoles are protected by multiple utility and design patents both here in the United States and Internationally.3 The Plaintiff's innovative mock camisoles are a garment and brassiere accessories that are worn under a top, easily adjusted for size, fasten to a brassiere, cover cleavage, and thus provide a user with the ability to wear short tops and dresses in situations that require modest attire.

Response to Paragraph 1: Defendant denies the allegations. Defendant further denies that it has knowingly and intentionally promoted, advertised, distributed, offered for sale, or sold any patent-infringing products.

1

2. All the Defendants have offered for sale, sold, and distributed knock-off versions of the Plaintiff's Product which infringe at least one claim of the Plaintiff's Patent. Moreover, Defendants' sale, distribution, and advertising of the Infringing Product are highly likely to cause consumers to believe that Defendants are offering a genuine version of Plaintiff's Product when they are not.

Response to Paragraph 2: Defendant admits to one single sale of alleged infringing product, but denies that the products offered for sale infringe upon Plaintiff's patents.

3. Shown below are example types of Infringing Product offered for sale by the Defendants:

Response to Paragraph 3: Defendant admits to one single sale of alleged infringing product to the United States, but denies that the products offered for sale infringe upon Plaintiff's patents.

4. Defendants' Infringing Products are not as well made and may disappoint consumers who may give bad reviews that may impact Plaintiff's products.

Response to Paragraph 4: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

5. Defendants' Infringing Products threaten to destroy the reputation of high quality that Plaintiff's Products have earned.

Response to Paragraph 5: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

6. Plaintiff's Product is marketed and advertised extensively including on its website https://www.cleava.com/ and its storefront on Amazon.com. The unique features of Plaintiff's Product and the manner in which it is marketed and advertised, including the distinct photographs, the design, the instructions, the packaging, and the unique presentation of the product, all comprise Plaintiff's valuable intellectual property ("IP") and all have become distinct in consumer's minds such that consumers associate all of this IP with Plaintiff's Product. Screenshots from Plaintiff's Website and Amazon Store are attached as Complaint Exhibit 2.

Response to Paragraph 6: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

7. The innovative features of Plaintiff's Product are the subject of U. S. Patent No. 8,152,591 entitled "GARMENT AND BRASSIERE ACCESSORY." A copy of the patent is attached as Complaint Exhibit 3. The Plaintiff's Product is marked in accordance with the Patent Act. A Claim Chart for an exemplar infringing product is attached as Complaint Exhibit 4 demonstrating that the Defendant's products infringe on at least Claim 1 of the Plaintiff's Patent.

Response to Paragraph 7: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

8. On information and belief, Defendants' sale of Infringing Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions. Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Infringing Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products. Moreover, the Infringing Products all infringe on at least one claim of the Plaintiff's Patent.

Response to Paragraph 8: Defendant denies the allegations.

9. Plaintiff therefore brings this action for Patent Infringement under 35 U.S.C. § 271, and The All-Writs Act, 28 U.S.C. § 1651(a) and against some of the Defendant under Section 43 (a) of the Lanham Act.

Response to Paragraph 9: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

Response to Paragraph 10: Defendant admits that this Court has subject matter jurisdiction over the claims.

11. This Court may exercise personal jurisdiction over a non-resident of the State in which the Court sits to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to 42 Pa. Cons. Stat. § 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit." In the alternative, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Pennsylvania and in this judicial district, and/or derive substantial revenue from their business transactions in Pennsylvania and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the

Commonwealth of Pennsylvania such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Pennsylvania and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Pennsylvania and in this judicial district, for example:

a. Upon information and belief, at all times relevant hereto, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Pennsylvania, through on-line platforms with Merchant Storefronts (as defined *infra*), via on-line marketplace websites, such as Amazon.com, eBay.com, Temu.com, Wish.com, Walmart.com, and Aliexpress.com, under the Seller IDs, as well as any and all as yet undiscovered accounts with Merchant Storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the United States, including Pennsylvania, can view the one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Pennsylvania, as a means for establishing regular business with the U.S., including Pennsylvania.

b. Upon information and belief, certain Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in

wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Pennsylvania.

c. Upon information and belief, Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

d. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Pennsylvania.

e. Upon information and belief, at all times relevant, Defendants have transacted business with consumers located in the U.S., including Pennsylvania, for the sale and shipment of Infringing Products.

f. Upon information and belief, some Defendants are employing and benefiting from substantially similar, paid advertising and marketing and advertising strategies in order to make their Merchant Storefronts selling illegal goods appear more relevant and attractive to search result software across an array of search words, including but not limited to "CLEAVA" and, "SNAPPY CAMI". By their actions, Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff of its right to fairly compete for space within the various on-line marketplace search results and reducing the visibility of the Plaintiff's Product on various on-line marketplaces and/or diluting and driving down the retail market price for the Plaintiff's Product; (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's Product; and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand and products.

g. Upon information and belief, Defendants have cooperated, communicated their plans with one another, shared information, and coordinated their efforts, all in order to create an illegal marketplace operating in parallel to the legitimate marketplace of Plaintiff's and the legally authorized resellers of Plaintiff's genuine goods.

h. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm in Allegheny County, Pennsylvania.

i. Upon information and belief, Defendants likely reside and/or operate in foreign jurisdictions with lax trademark and patent enforcement systems and are cooperating by creating an illegal stream of infringing and counterfeit goods.

j. Upon information and belief, Defendants are aware of Plaintiff, its genuine CLEAVA® and SNAPPY CAMI® mock camisole products, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff in the United States, in Pennsylvania and in this judicial district specifically, as Plaintiff conducts substantial business in Pennsylvania.

k. Plaintiff is suffering irreparable and indivisible injury and suffered substantial damages as a result of Defendants' unauthorized and wrongful sale of infringing goods.

Response to Paragraph 11: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

12. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, for example: a. Upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

b. Upon information and belief, Defendants or their agent(s) may be found in this district because personal jurisdiction is proper in this district.

c. Upon information and belief, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred, or a substantial part of the property that is the subject of the action is situated.

d. Defendants not resident in the United States may be sued in this judicial district because personal jurisdiction is proper in this district.

Response to Paragraph 12: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

## THE PLAINTIFF

13. Plaintiff company, BraNovations, Inc. d/b/a Cleava, is a Florida corporation and has its principal place of business in Naples Florida. Michelle E. De Sousa and Jose De Jesus De Sousa are co-inventors and owners of the Plaintiff's Patent. BraNovations, Inc. is the exclusive licensee of the Plaintiff's Patent.

Response to Paragraph 13: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

14. Plaintiff is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, the CLEAVA® and SNAPPY CAMI® mock camisole products, through its website, cleava.com, its authorized storefront on amazon.com, and various retail establishments. Defendants, through the sale and offer to sell Infringing Products are directly, and unfairly, competing with Plaintiff's economic interest in the Commonwealth of Pennsylvania and causing Plaintiff harm within this jurisdiction.

Response to Paragraph 14: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

15. Like many other brand owners, Plaintiff suffers ongoing daily and sustained violations of its rights at the hands of infringers, such as Defendants herein, who wrongfully reproduce Plaintiff's Products for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits from the sale of their Infringing Products. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's Products and the destruction of the legitimate market sector in which Plaintiff operates.

Response to Paragraph 15: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

16. The recent explosion of counterfeiting and infringement over the Internet, including through online marketplace platforms, has created an environment that requires brand owners, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and Plaintiff from the ill effects of confusion and the erosion of the goodwill associated with Plaintiff's brand and products.

Response to Paragraph 16: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

17. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *Ference Dec4.*, Exhibit 1, Excerpts from Fiscal Year 2021 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 89% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* More than half (51%) of CBP seizures originated from mainland China and Hong Kong. *Id.* Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

Response to Paragraph 17: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

18. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." *Ference Dec.*, Exhibit 2, Daniel C.K. Chow, Alibaba, Amazon, and Infringing in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also, report on "Combating Trafficking in Infringing and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office

9

of Strategy, Policy, and Plans (Jan. 24, 2020), attached as *Ference Dec.*, Exhibit 3 and finding that on "at least some e-commerce platforms, little identifying information is necessary for an Infringer to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. *Ference Dec.*, Exhibit 3, at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, Infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *Ference Dec.*, Exhibit 3 at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of Infringing and Infringers." *Ference Dec.*, Exhibit 2 at 186-187.

Response to Paragraph 18: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

## THE DEFENDANTS

19. The Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions, or (though not foreign)5 redistribute products from the same or similar sources in those foreign locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least one of the Internet based online marketplaces Aliexpress.com, Amazon.com, eBay.com, Temu, Walmart.com, and Wish.com, all under the Seller IDs.

Response to Paragraph 19: Defendant admits it operates an online storefront through the e-commerce platform Walmart.com. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

20. Upon information and belief, the Defendants use aliases in conjunction with the operation of their businesses as set forth in Schedule "A" hereto.

Response to Paragraph 20: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

21. Defendants are the past and present controlling forces behind the sale of products infringing at least one claim of the Plaintiff's Patent described herein using at least the Seller IDs.

Response to Paragraph 21: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

22. Upon information and belief, Defendants were willfully advertising, offering for sale and selling goods infringing upon at least one claim of the Plaintiff's Patent to consumers within the United States and this district through several fully interactive, commercial Internet websites and Internet based e-commerce stores operating under, at least, the storefronts, the Seller IDs, and any additional domain names, websites and corresponding website URLs or seller identifications and store URL aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of Infringing Products into the Commonwealth.

Response to Paragraph 22: Defendant denies the allegations.

23. Defendants have registered, established, or purchased, and maintained the on-line marketplace website storefronts and Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the storefronts and Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they offer

for sale and/or sell, during the registration or maintenance process related to their respective Seller ID. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal infringing activities.

Response to Paragraph 23: Defendant admits it operates an online storefront through the e-commerce platform Walmart.com. Defendant denies the rest of the allegations.

24. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods infringing at least one claim of the Plaintiff's Patent unless preliminarily and permanently enjoined.

Response to Paragraph 24: Defendant denies the allegations.

25. Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiff.

Response to Paragraph 25: Defendant denies the allegations.

26. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of goods infringing on at least one claim of the Plaintiff's Patent are essential components of Defendants' online activities and are the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

Response to Paragraph 26: Defendant denies the allegations.

## COMMON FACTUAL ALLEGATIONS

**Plaintiff and Its Innovative Product**

27. The Plaintiff's Product is designed to quickly attach to a brassiere, adjust to the correct size, convert a short top or dress into a modest manner of dress. The Plaintiff's Product retails for between $19.99 and $39.99 (pictured below):

Response to Paragraph 27: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

28. The Plaintiff's Patent has never been assigned or licensed to any of the Defendants in this matter. Plaintiff has provided constructive notice of the Plaintiff's Patent by placing the patent number of the patent on the packaging of Plaintiff's Product.

Response to Paragraph 28: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

29. Plaintiff's Product has been featured in videos or articles by numerous media outlets.

Response to Paragraph 29: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

**Defendants' Wrongful and Infringing Conduct**

30. Upon information and belief, Defendants are, through at least the Internet based ecommerce stores operating under the Seller IDs, promoting, selling, offering for sale, and distributing goods that willfully infringe at least one claim of the Plaintiff's Patent while marketing their knock-off products in a willful attempt to pass off their knock-off products as the genuine version of Plaintiff's Products.

Response to Paragraph 30: Defendant admits it operates an online storefront through the e-commerce platform Walmart.com. Defendant denies the rest of the allegations.

31. Upon information and belief, Defendants' Infringing Products are of a quality substantially and materially different than that of Plaintiff's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Infringing Products with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Plaintiff despite Defendants' knowledge that they are without authority to use the subject matter of the Plaintiff's Patent.

Response to Paragraph 31: Defendant denies the allegations.

32. Defendants advertise their Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully infringe at least one claim of the Plaintiff's Patent without Plaintiff's permission.

Response to Paragraph 32: Defendant denies the allegations.

33. As part of their overall infringement scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Plaintiff's Patent in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are causing, individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing actual consumer confusion, (iii) harm to Plaintiff's reputations, including tarnishing its status as the innovator in this market, (iv) an overall degradation of the value of the goodwill associated with the Plaintiff's brand, and (v) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand via the Internet.

Response to Paragraph 33: Defendant denies the allegations.

34. Plaintiff confirmed that Defendants were and/or are still currently offering for sale and/or selling Infringing Products for sale to the consuming public via Internet based ecommerce stores on, at least, one Internet marketplace using at least the Seller IDs and that Defendants provide

shipping and/or have actually shipped Infringing Products to customers located within this judicial district.

Response to Paragraph 34: Defendant denies the allegations.

35. There is no question that the Infringing Product itself and the manner in which it is marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiff's Product or that the Infringing Product is otherwise approved by or sourced from Plaintiff, thereby trading on the goodwill and reputation of Plaintiff.

Response to Paragraph 35: Defendant denies the allegations.

36. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Plaintiff's Patent. Defendants' use of the patent is without Plaintiff's consent or authorization.

Response to Paragraph 36: Defendant denies the allegations.

37. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of infringing the Plaintiff's Patent and trading on Plaintiff's goodwill and reputation. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

Response to Paragraph 37: Defendant denies the allegations.

38. Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's Products and Defendants' Infringing Products, which there is not.

Response to Paragraph 38: Defendant denies the allegations.

39. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias e-commerce stores, photo albums, seller identification names, domain names, or websites being used and/or controlled by them.

Response to Paragraph 39: Defendant denies the allegations.

40. Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

Response to Paragraph 40: Defendant denies the allegations.

41. Plaintiff has no adequate remedy at law.

Response to Paragraph 41: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

42. Plaintiff is suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of at least one claim of the Plaintiff's Patent. If Defendants' infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

Response to Paragraph 42: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

43. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Products.

Response to Paragraph 43: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

## COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271 (a))

44. The allegations in the above paragraphs are hereby incorporated by reference.

Response to Paragraph 44: Defendant incorporates the answers in the above paragraph.

45. The innovative features of Plaintiff's Product are the subject of U. S. Patent No. 8,152,591 entitled "GARMENT AND BRASSIERE ACCESSORY" (a copy of the patent is attached to the Complaint as Exhibit 3). The Plaintiff's Product is marked in accordance with the Patent Act.

Response to Paragraph 45: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

46. The Infringing Products infringe at least Claim 1 of the Plaintiff's Product, as more fully detailed in Exhibit 3 and Exhibit 4, respectively.

Response to Paragraph 46: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

47. Defendants have infringed and continue to infringe the Plaintiff's Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, selling, importing and/or offering to sell Infringing Products, namely the knock-offs that infringe at least one claim of the Plaintiff's Patent.

Response to Paragraph 47: Defendant denies the allegations.

48. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

Response to Paragraph 46: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies it.

49. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of the Plaintiff's Patent and have

nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Plaintiff's Patent.

Response to Paragraph 49: Defendant denies the allegations.

50. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, enhanced discretionary damages and reasonable attorneys' fees and costs.

Response to Paragraph 50: Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### First Defense – Improper Joinder under Rule 21

1. Defendant asserts that the joinder of all Defendants in this case is improper under Federal Rule of Civil Procedure 21. The Plaintiff alleges, "Defendants' actions all arise from the same transaction, occurrence, or series of transactions" and that the Defendants are "actively participating in a conspiracy to distribute and sell Infringing Products." However, Defendant denies any conspiracy or coordinated effort with other parties. Defendant further asserts that its sales were minimal and unrelated to any alleged conspiracy or joint activity, and thus the joinder of all Defendants in this case is improper. The fact that other Defendants have been dismissed or defaulted also supports that the joinder was improper under Rule 21.

### Second Defense – Non-Infringement

2. Defendant asserts that the accused products do not infringe any valid claim of Plaintiff's patent. Specifically, Defendant denies that the features of its products fall within the scope of any claim of Plaintiff's patent, including any claims of direct or indirect infringement. Defendant

further asserts that the accused products either do not practice the patented invention or that the claims of Plaintiff's patent are invalid or not infringed by Defendant's products. Plaintiff has failed to meet its burden of proving infringement of any valid patent claims, and therefore Defendant is not liable for patent infringement.

### Third Defense – *de minimis* use

3. Defendant asserts that any alleged use of Plaintiff's patents, if such use occurred at all, was *de minimis* use. Specifically, Defendant sold only a single accused product, and the sale was isolated and minimal in nature. Such minimal or trivial use of the marks did not result in any measurable commercial gain or marketplace advantage for Defendants; caused no actual or likely consumer confusion, mistake, or deception; and did not dilute or tarnish Plaintiff's marks nor diminish the goodwill associated therewith.

### Fourth Defense - Innocent Infringement

4. Defendant did not willfully infringe Plaintiff's patent or act with knowledge of the alleged infringement. Defendant was unaware of Plaintiff's patent rights and did not intentionally engage in any actions that would infringe upon Plaintiff's intellectual property. Defendant's actions were not carried out in bad faith, and Plaintiff's claims for willful infringement and related enhanced damages should be denied.

Date: 2/16/2025

/s/ He Cheng
He Cheng | Attorney
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33065
rcheng@palmerlawgroup.com
Tel: +1 (917) 525-1495
**Attorney for Defendant**